UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | Case No. 13cv2962 JM(WVG) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND |
| v. | |
| R.J. LANTHIER COMPANY, INC., a California corporation; BRENT L. BOYD, an individual; NANCY K. BOYD, an individual; RICHARD RACETTE, an individual; KATHLEEN SUE RACETTE, an individual; BOYD FAMILY TRUST; G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; GLENN BECHTHOLD, an individual, | |
| Defendants. | |
| RICHARD RACETTE, an individual, and KATHLEEN SUE RACETTE, an individual, | |
| Counter-claimants, | |
| v. | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; G.I. BECHTHOLD CORPORATION, a California corporation ; DONNA BECHTHOLD , an individual; GLENN BECHTHOLD, an individual | |
| Counter-defendants. | |

13cv2962

1   R.J. LANTHIER COMPANY, INC., a
    California corporation; BOYD            )
2   FAMILY TRUST; BRENT L. BOYD,            )
    an individual and trustee of the BOYD   )
3   FAMILY TRUST; NANCY K. BOYD,            )
    an individual and trustee of the BOYD   )
4   FAMILY TRUST,                           )
                                            )
5              Counter-claimants,           )
                                            )
6   v.                                      )
                                            )
7   TRAVELERS CASUALTY AND                  )
    SURETY COMPANY OF AMERICA,              )
    a Connecticut corporation,              )
8                                           )
               Counter-defendant.           )
9   ────────────────────────────────       )

10  R.J. LANTHIER COMPANY, INC., a          )
    California corporation; BOYD            )
11  FAMILY TRUST; BRENT L. BOYD,            )
    an individual and trustee of the BOYD   )
12  FAMILY TRUST; NANCY K. BOYD,            )
    an individual and trustee of the BOYD   )
13  FAMILY TRUST,                           )
                                            )
14             Cross-claimants,             )
                                            )
15  v.                                      )
                                            )
16  G.I. BECHTHOLD CORPORATION,             )
    a California corporation; DONNA         )
17  BECHTHOLD, an individual; and           )
    GLENN BECHTHOLD, an individual,         )
18             Cross-defendants.            )
19  ────────────────────────────────       )

20  G.I. BECHTHOLD CORPORATION,             )
    a California corporation; DONNA         )
21  BECHTHOLD, an individual; and           )
    GLENN BECHTHOLD, an individual,         )
                                            )
22             Counter-claimants,           )
                                            )
23  v.                                      )
                                            )
24  TRAVELERS CASUALTY AND                  )
    SURETY COMPANY OF AMERICA,              )
25  a Connecticut corporation,              )
                                            )
26             Counter-defendant.           )
    ────────────────────────────────       )
27

28

13cv2962

G.I. BECHTHOLD CORPORATION, )
a California corporation; DONNA )
BECHTHOLD, an individual; and )
GLENN BECHTHOLD, an individual, )
                                )
            Cross-claimants,    )
                                )
v.                              )
                                )
R.J. LANTHIER COMPANY, INC., a  )
California corporation; BOYD    )
FAMILY TRUST; BRENT L. BOYD,    )
an individual and trustee of the BOYD )
FAMILY TRUST; NANCY K. BOYD,    )
an individual and trustee of the BOYD )
FAMILY TRUST; RICHARD RACETTE,  )
an individual; KATHLEEN SUE      )
RACETTE, an individual; and DOES 1 )
through 10, inclusive,          )
                                )
            Cross-defendants.   )
_____  )

Plaintiff Travelers Casualty and Surety Company of America ("Travelers") moves to dismiss portions of the counterclaims filed by Counter-claimants, Cross-Claimants and Defendants R. J. Lanthier Company, Inc. ("RJL"), Boyd Family Trust, Brent L. Boyd, and Nancy K. Boyd (the "Boyds") and the counterclaims filed by Counter-claimants, Cross-defendants, and Defendants Richard Racette and Kathleen Sue Racette (collectively the "Racettes"). All motions are opposed. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For reasons set forth below, the court grants Travelers' motion to dismiss the breach of the covenant of good faith and fair dealing counterclaim and the breach of contract claim counterclaim, denies and defers ruling on the motion to dismiss the declaratory relief counterclaim, and grants moving Counter-claimants 15 days leave to amend from the date of entry of this order.

## BACKGROUND

**The Complaint**

On December 10, 2013, Travelers commenced this diversity action alleging five claims for relief: (1) Statutory Indemnity, (2) Breach of Contract, (3) Quia Timet, (4) Declaratory Relief; and (5) Specific Performance. On October 3, 2001, Defendants RJL

13cv2962

and the  Boyds executed an indemnity agreement promising Travelers "to exonerate, indemnify and save [Travelers] harmless from and against every claim, loss, damage, demand" arising from the execution of certain construction bonds issued on behalf of Lanthier as the bond principal (the "RJL Bonds"). (Compl. ¶16).  On March 1, 2010, Defendants RJL, the Boyds, and the Racettes executed the General Agreement of Indemnity ("GAI") at issue.  Under the GAI, Defendants are obligated to "exonerate, indemnify, and save [Travelers] from and against all Loss." (Compl. ¶17, Exh. B). Also on or about March 1, 2010, Defendants Bechthold Corporation, Donna Bechthold, and Glenn Bechthold (collectively the "Bechtholds") executed a General Agreement of Indemnity Additional Indemnitor Rider ("GAIR").  The GAIR also provided that the Bechtholds would "exonerate, indemnify, and save [Travelers] from and against all Loss." (Compl.  ¶18, Exh. B).  At the heart of Travelers' complaint is the allegation that, following RJL's default on the bonded projects, it paid about $6,751,915.58 on its surety obligations. (Compl. ¶21).

On November 21, 2013, Travelers sent a demand letter to the Defendants seeking $6,751,915.58 to recover Travelers' anticipated losses on the RJL Bonds.  Defendants "have failed to comply with Travelers' demands." (Compl. ¶23).

**Racettes' Counter and Cross Claims**

On March 5, 2014, the Racettes filed an answer and counterclaim against Travelers. (Ct. Dkts. 14, 15).  The answer generally denies the complaint's allegations.  In their counterclaim, the Racettes allege that in early 2013 RJL experienced cash-flow problems and needed additional financing to help the company cover overhead expenses such as payroll. (Counterclaim "CC" ¶16).  On January 17, 2013, Richard Racette, a 2% owner of RJL, and Brent Boyd met with Travelers and discussed the possibility of Travelers providing RJL with cash flow assistance.  After several conversations with Travelers, the Racettes allege Travelers indicated a willingness to provide financial assistance and required

13cv2962

a 50% collateral for any loan.[1]  (CC ¶22).  The parties discussed financial assistance in the range of $750,000 to $1,00,000.

On February 15, 2013, Brent Boyd believed that Travelers was willing to reduce the collateral requirements and provide RJL with overhead assistance.  On February 19, 2013, Travelers "informed RJL that it required a minimum of $500,000 collateral to provide overhead assistance on bonded projects only."  (CC ¶24).  The Racettes allege that "had Travelers been more upfront in its collateral requests, RJL and Counter-Claimants would have been able to refocus its efforts into seeking alternative sources of funding, keep the projects going and the bonding intact."  (CC ¶26).  Thereafter, Travelers allegedly refused to issue bonds on new projects or to issue bonds on future projects without RJL providing additional capital or a substantial security deposit.

The Racettes allege that "[w]ithout the capability to obtain bonds on future projects, RJL was unable to obtain and complete work" on existing projects, thereby defaulting on existing projects. (CC ¶27).  After RJL defaulted on the bonded projects, on November 29, 2013, Travelers demanded payment in the amount of $6,751,915.58.  At some unidentified point in time, Travelers cancelled three issued bonds.  Id.

Based upon the above generally described conduct, the Racettes allege four counter-claims for (1) breach of the covenant of good faith and fair dealing; (2) breach of contract; (3) negligent misrepresentation; and (4) contribution against all Cross-defendants.  The court notes that the only Cross-defendants identified in the CC are the Bechtholds.

**RJL and the Boyds' Counter and Crossclaims**

On March 7, 2014, RJL and the Boyds filed an answer to the complaint, a counterclaim against Travelers, and a crossclaim against the Bechtholds.  RJL and the Boyds assert the same counterclaims against Travelers as the Racettes in addition to a declaratory relief claim based upon the same general allegations as the Racettes.  In addition, RJL and the Boyds seek contribution from the Bechthold Cross-defendants.

---

[1] Travelers also allegedly performed an analysis of RJL's financial condition and determined that RJL would experience a $1.6 million shortfall.

**Bechtholds' Counter and Crossclaims**

On March 8, 2014, the Bechtholds filed an answer and eight counterclaims and cross-claims for: (1) reformation of contract; (2) express indemnity; (3) compel performance of indemnity agreements; (4) quia timet; (5) equitable indemnity; (6) contribution; (7) implied contractual indemnity; and (8) declaratory relief.  In broad brush, the Bechtholds allege that Travelers, the Racettes, RJL, and the Boyds "are in some manner legally responsible for the acts and omissions alleged."  (CC ¶12).  The reformation counterclaim seeks to reform the March 2010 GAIR between Travelers and the Bechtholds to reflect the parties alleged original intent of the parties that only G. I. Bechthold Corporation is bound by the GAIR.  (CC ¶21).  The second crossclaim seeks indemnity from RJL to indemnify the Bechtholds against any and all losses arising from the underlying transactions.  The third claim seeks to compel performance of the indemnity agreement against RJL.  The fourth claim for quia timet alleges that RJL is wrongfully using funds for purposes other than to hold the Bechtholds harmless from Travelers' claims.  The fifth claim seeks indemnity against all Cross-defendants, the sixth claim seeks contribution against all Cross-defendants, the seventh claim seeks implied contractual indemnity against all Cross-defendants, and the eighth claim seeks a declaration that the Bechtholds are not obligated to indemnify Travelers.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal,

13cv2962

1   556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court
2   to infer the mere possibility of misconduct).   "The plausibility standard is not akin to a
3   'probability requirement,' but it asks for more than a sheer possibility that a defendant has
4   acted unlawfully."  Id. at 678.  Thus, "threadbare recitals of the elements of a cause of
5   action, supported by mere conclusory statements, do not suffice."  Id.  The defect must
6   appear on the face of the complaint itself.  Thus, courts may not consider extraneous
7   material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482
8   (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of
9   the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19
10  (9th Cir. 1989).

11       Finally, courts must construe the complaint in the light most favorable to the plaintiff.
12  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710
13  (1996).  Accordingly, courts must accept as true all material allegations in the complaint,
14  as well as reasonable inferences to be drawn from them.  Holden v. Hagopian, 978 F.2d
15  1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted
16  inferences are insufficient to defeat a Rule 12(b)(6) motion.  In Re Syntex Corp. Sec. Litig.,
17  95 F.3d 922, 926 (9th Cir. 1996).

18  **The Counterclaims of RJL and the Boyds**

19       The Covenant of Good Faith and Fair Dealing Counterclaim

20       RJL and the Boyds explain that this claim for breach of the covenant of good faith and
21  fair dealing is based upon the alleged breach of the GAI.  These Defendants allege that
22  Travelers failed to "fully investigate claims made by subcontractors prior to paying out such
23  claims."  (CC ¶57).  Travelers allegedly paid claims "that should not have been paid."
24  (Oppo. at p.6:21).  RJL and the Boyds shed no further light on the nature of this claim.

25       "'Every contract imposes upon each party a duty of good faith and fair dealing in its
26  performance and its enforcement.'"  []  The covenant of good faith finds particular
27  application in situations where one party is invested with a discretionary power affecting the
28  rights of another.  Such power must be exercised in good faith."  Carma Developers (Cal.),

Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 371–372 (1992) (internal

citations omitted).  The covenant provides that one party may not frustrate the ability of the

other party to obtain the contemplated benefits of the contract.  As noted in Carma.

> The general rule [regarding the covenant of good faith] is plainly subject to the
> exception that the parties may, by express provisions of the contract, grant the
> right to engage in the very acts and conduct which would otherwise have been
> forbidden by an implied covenant of good faith and fair dealing. ... [¶] This is
> in accord with the general principle that, in interpreting a contract 'an
> implication ... should not be made when the contrary is indicated in clear and
> express words.' 3 Corbin, Contracts, § 564, p. 298 (1960). ... [¶] As to acts and
> conduct authorized by the express provisions of the contract, no covenant of
> good faith and fair dealing can be implied which forbids such acts and conduct.
> And if defendants were given the right to do what they did by the express
> provisions of the contract there can be no breach.”

Id. at 374.

In broad brush, these Counter-claimants allege that Travelers breached the covenant

by failing to (1) mitigate damages, (2) adequately investigate the claims of RJL’s

subcontractors, (3) pursue claims for work performed beyond the scope of RJL’s

subcontracts (4) pursue claims for design changes and delays, (5) provide RJL with

financing, and (6) issue new payment and performance bonds.  (CC ¶57).

Here, as currently pled, the court grants the motion to dismiss this counterclaim.  RJL

and the Boyds expressly permitted Travelers to act with broad discretion once RJL breached

its performance and payment obligations to obligees.  The primary difficulty with Counter-

claimants allegations is that the GAI specifically permits Travelers to exercise sole

discretion to determine how to respond to bond claims. With respect to the handling of the

bond claims (points (1) through (4) above), the GAI provides:

> 4.     Claim Settlement: [Travelers] shall have the right, in its sole discretion
> to determine for itself and the Indemnitor whether any claim or suit
> brought against the Company or the Indemnitor upon any such Bond
> shall be paid, compromised, settled, defended or appealed, and its
> decision shall be binding and conclusive upon the Indemnitor.  An
> itemized statement thereof sworn to by an employee fo the Company or
> a copy of the voucher of payment shall be prima facie evidence of the
> propriety and existence of Indemnitor’s liability. [Travelers] shall be
> entitled to reimbursement for any and all payments made by it under the
> belief it was necessary or expedient to make such payments.

In light of the broad discretion given by RJL and the Boyds to Travelers to resolve claims,

Counter-claimants’ generalized allegations to the effect that Travelers failed to “fully

13cv2962

investigate claims made by subcontractors prior to paying out such claims," (CC ¶57), or that Travelers allegedly paid claims "that should not have been paid" (Oppo. at p.6:21), fail to state a claim for breach of the covenant of good faith and fair dealing.  The conclusory allegations are insufficient to state a claim for breach of the covenant of good faith and fair dealing.

RJL and the Boyds' allegation that Travelers should have provided RJL with financial assistance to complete the projects to enable RJL to extricate itself from cash flow difficulties, (CC ¶57(5); Oppo. at p.7:19-22), fails as a matter of law.  Counter-claimants simply fail to identify any provision requiring Travelers to provide financing to RJL in order to conduct its business.  Similarly, the allegation that Travelers was obligated to provide performance and payment bonds on future projects is contrary to the express terms of the GAI which provides, "Travelers has the right to refuse to provide any Bond [] without incurring any liability whatsoever to Indemnitor."  (Compl. Exh. A ¶8).

The court grants the motion to dismiss the breach of the covenant of good faith and fair dealings claim in its entirety.  While the present allegations do not come close to stating a claim, the court grants RJL and the Boyds's request for leave to amend.  The court advises the parties that the failure to state this claim in an amended pleading will result in the dismissal of this claim with prejudice.

In sum, the motion to dismiss this counterclaim is granted with leave to amend.

<u>The Breach of Contract Claim</u>

The threshold issue is whether Counter-claimants have standing to bring a breach of contract claim based upon the RJL Bonds.[2]  The RJL Bonds expressly state that "[n]o right of action shall accrue on this bond to any person or entity other than the named Obligee and/or Claimants."  The term "Claimant" is limited to those who (1) have direct contract with either the bond principal, RJL, or RJL's subcontractors, and (2) provide labor and/or

---

[2]To state a claim for breach of contract, Counter-claimants must allege (1) a contract, (2) the Counter-claimants performance or excuse for nonperformance, (3) the Counter-defendant's breach, and (4) damages.  <u>Walsh v. West Valley Mission Community College Dist.</u>, 66 Cal. App. 4th 1532, 1545 (1998).

1   material in the performance of the bonded work. (Compl. Exh. D ¶10). Counter-claimants

2   allege, in conclusory fashion, that Travelers breached the RJL Bonds by "making payments

3   for labor and/or material that were not actually used, consumed, or incorporated in the

4   performance of the work under the subcontract," (CC ¶64). The court concludes, by the

5   express terms of the RJL Bond, that Counter-claimants are not, under the current allegations,

6   claimants authorized to bring a claim because Counter-claimants fail to identify a "direct

7   contract" with the principal, RJL.

8        Further, the court concludes that Counter-claimants' conclusory allegation that

9   Travelers paid for labor and/or materials that were not actually used, consumed, or

10  incorporated in the performance of the work is insufficient to state a claim. Under Rule

11  8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of

12  misconduct. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability

13  requirement,' but it asks for more than a sheer possibility that a defendant has acted

14  unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action,

15  supported by mere conclusory statements, do not suffice." Id. Here, under the particular

16  circumstances of this case, Counter-claimants must set forth additional allegations to

17  support a breach of contract claim.

18       In sum, the court grants the motion to dismiss the breach of contract claim with leave

19  to amend.

20       The Declaratory Relief Claim

21       Travelers contends that this claim must be dismissed because Counter-claimants fail

22  to allege an actual controversy. As Counter-claimants seek leave to amend, the court denies

23  the motion without prejudice and defers ruling on this claim until a first amended

24  counterclaim is filed, if any.

25  **The Counterclaims of the Racettes**

26       Travelers moves to dismiss the breach of the covenant of good faith and fair dealing

27  counterclaim and the breach of contract counterclaim on the same grounds raised by RJL

28

and the Boyds.  For the same reasons set forth above, the court grants the motion to dismiss these claims and grants the Racettes leave to amend.

In sum, the court grants Travelers' motion to dismiss the breach of the covenant of good faith and fair dealing counterclaims and the breach of contract counterclaims brought by Counter-claimants RJL, the Boyds, and the Racettes.  The court also denies Travelers' motion to dismiss the declaratory relief claim and defers ruling on this claim until the Counter-claimants file amended counterclaims, if any.  The court also grants RJL, the Boyds, and the Racettes 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED:  September 2, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc:                     All parties

13cv2962