# Exhibit 1

WILLIAM J. WARD, SBN 113849
SHARMILA R. PARKMAN, SBN 221579
WILLIAM J. WARD & ASSOCIATES
The Plaza La Jolla Village Drive, Suite 330
San Diego, CA 92122
Telephone (858) 453-5033
Facsimile (858) 453-0876

Attorneys for Defendants/Counter-Claimants/Cross-Claimants/Third Party Plaintiffs RICHARD RACETTE and KATHLEEN SUE RACETTE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>R.J. LANTHIER COMPANY, INC., a California corporation; BOYD FAMILY TRUST; BRENT L. BOYD, an individual and trustee of the BOYD FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD FAMILY TRUST; RICHARD RACETTE, an individual; KATHLEEN SUE RACETTE, an individual; G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual,<br><br>Defendants.<br><br>RICHARD RACETTE, an individual; and KATHLEEN SUE RACETTE, an individual,<br><br>Counter-Complainants, | CASE NO. 3:13-cv-2962-JM-JLB<br><br><u>Assigned For All Purposes To:</u><br>Judge: Hon. Jeffrey T. Miller<br><br>**[PROPOSED] AMENDED COUNTER-CLAIM/CROSS-CLAIM/ THIRD PARTYCLAIM OF DEFENDANTS RICHARD RACETTE AND KATHLEEN SUE RACETTE**<br><br>District Judge:   Hon. Jeffrey T. Miller<br>Courtroom:       5D<br><br>Magistrate Judge: Hon. Jill L. Burkhardt<br>Courtroom:       5th Floor<br><br>Complaint Filed: December 10, 2013<br>Trial Date:      September 14, 2015<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | v. |
| 2 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA |
| 3 | a Connecticut corporation, |
| 4 | Counter-Defendant. |
| 5 | |
| 6 | |
| 7 | RICHARD RACETTE, an individual; and KATHLEEN SUE RACETTE, an individual, |
| 8 | |
| 9 | Cross-Complaints |
| 10 | v. |
| 11 | G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual; BOYD FAMILY TRUST; BRENT L. BOYD, an individual and trustee of BOYD FAMILY TRUST; NANCY K. BOYD, trustee of BOYD FAMILY TRUST; |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Cross-Defendants. |
| 18 | RICHARD RACETTE, an individual; and KATHLEEN SUE RACETTE, an individual, |
| 19 | |
| 20 | |
| 21 | Third Party Claimants, |
| 22 | v. |
| 23 | ALLIANT INSURANCE SERVICES, INC., a Delaware corporation, and ROES 1 through 10, |
| 24 | |
| 25 | Third Party Defendants. |
| 26 | R.J. LANTHIER COMPANY, INC., a California corporation; BOYD FAMILY TRUST; BRENT L. BOYD, and individual and trustee of the |
| 27 | |
| 28 | |

BOYD FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD FAMILY TRUST,

    Counter-Claimant,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

    Counter-Defendant

R.J. LANTHIER COMPANY, INC., a California corporation; BOYD FAMILY TRUST; BRENT L. BOYD, an individual and trustee of the BOYD FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD FAMILY TRUST,

    Cross-Complainants

v.

G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual,

    Cross-Defendants.

G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, and individual; and GLENN BECHTHOLD, an individual,

    Counter-Claimants

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

    Counter-Defendant.

G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual,

Cross-Claimants

v.

R.J. LANTHIER COMPANY, INC., a California corporation; BOYD FAMILY TRUST; BRENT L. BOYD, an individual and trustee of the BOYD FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD FAMILY TRUST; RICHARD RACETTE, an individual; KATHLEEN SUE RACETTE, an individual; ALLIANT INSURANCE SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Cross-Defendants.

G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual,

Third Party Plaintiffs,

v.

ALLIANT INSURANCE SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Third Party Defendants.

Defendants/Counter-Complainants/Cross-Complainants/Third Party Claimants RICHARD RACETTE and KATHLEEN SUE RACETTE, (the above-aforementioned parties are collectively referred to herein as "Racette Claimants")

hereby file their claims and allege as follows:

## THE PARTIES AND VENUE

1. Richard Racette is a citizen and resident of California.

2. Kathleen Sue Racette is a citizen and resident of California.

3. Racette Claimants on information and belief allege that Travelers Casualty and Surety Company of America ("TRAVELERS") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut, and are doing business in San Diego County.

4. Racette Claimants are informed and believe and therefore allege that Alliant Insurance Services, Inc. ("ALLIANT") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Orange County, California, and are doing business in San Diego County.

5. Racette Claimants are informed and believe and therefore allege that the Boyd Family Trust, with Defendants/Cross-Defendants Brent L. Boyd and Nancy K. Boyd as Trustees, was formed in the State of California and is subject to the jurisdiction and laws thereof.

6. Racette Claimants are informed and believe and therefore allege that Brent L. Boyd is a citizen and resident of California.

7. Racette Claimants are informed and believe and therefore allege that Nancy K. Boyd is a citizen and resident of California.

8. Racette Claimants are informed and believe and therefore allege that G.I. Bechthold Corporation ("G.I. Bechthold") is a corporation organized and existing under the laws of the State of California with its principal place of business in Carlsbad, California.

9. Racette Claimants are informed and believe and therefore allege that Donna Bechthold is a citizen and resident of California.

10. Racette Claimants are informed and believe and therefore allege that Glenn Bechthold is a citizen and resident of California.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and the plaintiff and defendants are citizens of different states. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) as all the claims at issue are part of the same case or controversy. Thus, ALLIANT may be impleaded under Federal Rules of Civil Procedure, Rule 14(a). The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(g) as to any and all claims against cross-defendants whether related or unrelated.

12. Venue is proper in this judicial district because all Defendants, Counter-Defendants, Cross-Defendants, and Third-Party Defendants reside in San Diego County.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

13. Racette Claimants are minority shareholders of R.J. Lanthier Company, Inc. ("RJL"), holding approximately 2% of the stock.

14. As a requirement to perform construction for a public entity, a contractor must obtain payment and performance bonds. In some instances the surety requires guaranty(ies) before agreeing to issue the necessary bonds so the contractor may perform work.

15. Plaintiff/Counter-Defendant TRAVELERS is a licensed surety that issues payment and performance bonds to guarantee the performance of construction contracts and issued bonds to RJL and G.I. Bechthold which are the subject of the Complaint. TRAVELERS often contracts with other third-party insurance brokers, such as ALLIANT, to obtain the necessary information to issue its payment and performance bonds, and authorizes these brokers to act in TRAVELERS behalf and as TRAVELERS agent or attorney-in-fact.

16. Third Party Defendant ALLIANT is an insurance brokerage business

that procures and establishes bonding and insurance for construction companies. In exchange for a fee, ALLIANT negotiates and brokers deals between construction companies and nationally licensed sureties in which it has an agency relationship with, such as TRAVELERS. ALLIANT, through its bonding agents, listens to client requests, analyze each client's situation, researches options to develop a targeted program based on business needs, and then goes into the market to find the best match.

17. ALLIANT held itself out as a skilled insurance broker with an expertise in brokering payment and performance bonds for construction. ALLIANT brokered the performance bond deals between TRAVELERS and RJL, including the general indemnity agreement, executed by the Racette Claimaints ("2010 Indemnity Agreement"), as alleged in TRAVELERS' Complaint at paragraph 17.

18. At all times mentioned herein, Lawrence F. McMahon was an agent and employee of ALLIANT and worked directly with TRAVELERS, acting as its agent and/or attorney-in-fact. Starting approximately April 2000, Mr. McMahon held the position of Senior Vice President/Surety Manager and Executive Vice President/Surety Manager. At all times mentioned herein, Lawrence F. McMahon was granted express authority by ALLIANT and TRAVELERS to broker and enter into insurance and performance bond deals with Defendants.

19. From 2001, through 2013, RJL and TRAVELERS developed a close working relationship in which TRAVELERS provided performance bonds for public works projects awarded to RJL in exchange for a premium paid by RJL based on the size of the bonds and indemnity agreements from shareholders of RJL. Throughout this period, RJL would provide information to Mr. McMahon and ALLIANT, who acting as an agent for RJL and its shareholders, forwarded this information to TRAVELERS to secure performance bond deals.

20. In 2008, prior to the signing of the 2010 Indemnity Agreement, BRENT

L. BOYD informed Lawrence F. McMahon and ALLIANT of the intention of RJL shareholders to guarantee bonds issued by TRAVELERS proportional to the shareholders ownership interests held in RJL.

21. RJL and its shareholders, including the Racette Claimants, entrusted ALLIANT to act as their agent in transmitting the proportional liability condition and otherwise negotiate the terms of the 2010 Indemnity Agreement with TRAVELERS.

22. Mr. McMahon, ALLIANT and TRAVELERS, failed to establish a provision in the 2010 Indemnity Agreement that reflected the described proportional liabilities condition, and further failed to communicate, discuss in good faith, or even notify RJL and its shareholders, including the Racette Claimants of the refusal and/or rejection of adding the required limited liability provision. Instead Mr. McMahon, ALLIANT and TRAVELERS included provisions of liability as joint and several with regard to the shareholders without informing the Racette Claimants of such a change or refusal to meet the limited liability provision condition set out during discussions and negotiation of the terms of the indemnity agreements.

23. BRENT L. BOYD, in his capacity as an RJL officer, failed to confirm that the bonds and indemnity agreements prepared and presented by Mr. McMahon, ALLIANT, and TRAVELERS contained all the required terms, especially the proportional liabilities provisions agreed upon between RJL and its shareholders.

24. TRAVELERS, ALLIANT, and Mr. McMahon required that several entities and individuals, including the Racette Claimants, sign various documents, namely the 2010 Indemnity Agreements, as a pre-condition to providing necessary payment and performance bonds to RJL for construction projects and represented that the documents presented for execution conformed to proportional liability requirements of RJL and its shareholders.

///

# FIRST CAUSE OF ACTION

## (Breach of the Implied Covenant of Good Faith and Fair Dealing)

## (against Counter-Defendant TRAVELERS)

25.   Racette Claimants incorporate by reference Paragraph 1 through 24 above as though fully set forth herein.

26.   Every contract contains an implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing in the 2010 Indemnity Agreement, between TRAVELERS and the Racette Claimants mandated that the Counter-Defendant act in good faith, deal fairly and up front with potential indemnitors, Racette Claimants, regarding the specific contract provisions and do nothing to interfere with Racette Claimants' rights in negotiating and establishing an Indemnity Agreement which incorporates the actual indemnity obligations they intended and agreed to be subject to under agreement with the indemnitee RJL and the other RJL shareholders.

27.   The implied obligation of good faith and fair dealing required TRAVELERS, not to conceal information and to communicate in good faith with the Racette Claimants regarding the condition of proportional liability under the agreement communicated to TRAVELERS.

28.   Racette Claimants, through BRENT L. BOYD, acting as officer of RJL, directed ALLIANT and TRAVELERS to include a liability provision in the 2010 Indemnity Agreement which limited the Racette Claimants liability for indemnity of any claims made under the payment and performance bonds issued by TRAVELERS to the Racette Claimants' proportionate ownership share of the indemnitee RJL.

29.   TRAVELERS had a duty under this implied covenant to negotiate, disclose, discuss, and inform the Racette Claimants of the liability provision which would be acceptable to TRAVELERS for inclusion in the 2010 Indemnity Agreement and whether the limited proportional liability provision would in fact be

acceptable for the guaranties sought by TRAVELERS on the bonds. Thereby providing the Racette Claimants the opportunity for negotiation regarding acceptable terms of liability under the agreement.

30. TRAVELERS breached this duty by failing to disclose to the Racette Claimants during the negotiations of the terms of the 2010 Indemnity Agreement that the limited liability provisions presented by BRENT L. BOYD would not be satisfactory for the bonds at issue, concealing the fact that limited proportional liability was rejected by TRAVELERS, concealing that the required limited proportional liability provision would negatively effect the bonding by TRAVELERS to RJL, and by wrongfully representing that the 2010 Indemnity Agreement received from Lawrence McMahon and ALLIANT, as attorneys-in-fact and/or agents of TRAVELERS, fulfilled the request for the limited proportional liability provision and effectuated liability purporting to hold the Racette Claimants and other RJL shareholders liable only for their proportional ownership interest in the indemnitee RJL.

31. If TRAVELERS, ALLIANT, and Mr. McMahon had in good faith disclosed, discussed, negotiated, and responded to the request for the limited proportional liability provision, that would have provided the Racette Claimants the opportunity to negotiate and bargain with TRAVELERS as to the terms of the 2010 Indemnity Agreement and achieve the contemplated or an alternate acceptable liability provision and established liability for claims paid on behalf of RJL under the bonds in a manner which they would be fully informed and agreeable.

32. TRAVELERS, ALLIANT, and Mr. McMahon's representations frustrated the Racette Claimants from obtaining the benefits of the indemnity agreement contemplated the Racette Claimants, RJL and RJL shareholders. Further, TRAVELERS breach significantly affected the Racette Claimants ultimate ownership interests and dealings with RJL and consequently the business decisions

made for RJL by its shareholders. All of which was to the Racette Claimants, RJL and its shareholders detriment.

33. The aforementioned wrongful conduct and the breach of the covenant of good faith and fair dealing increased the amount of damages and expenses that Racette Claimants, RJL and all RJL shareholders may have, as well as negatively affected the ownership and operation of RJL.

34. As a direct and proximate result of the aforementioned wrongful conduct by TRAVELERS, the Racette Claimants were forced to retain counsel to defend against the joint and several liability sought by TRAVELERS in an amount which was unintended and have suffered monetary damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (against Third Party Defendant ALLIANT)

35. Racette Claimants incorporate by reference Paragraph 1 through 34 above as though fully set forth herein.

36. Third party defendants ALLIANT, and ROES 1 through 10, hold themselves out as a skilled insurance brokers with an expertise in brokering payment and performance bonds for construction. ALLIANT accepted RJL and RJL's shareholders, including the Racette Claimants, as clients and acted as agents for RJL, Racette Claimants and RJL shareholders in an effort to broker the issuance of payment and performance bonds and guaranties for said bonds.

37. Third party defendants owed the Racette Claimants and RJL fiduciary duties, including a duty of loyalty and to act in the best interests of their clients. Third party defendants willingly assumed this duty for the Racette Claimants.

38. Third party defendants as "attorneys-in-fact" for TRAVELERS obtained payment and performance bonds for RJL and General Indemnity

agreements from the Racette Claimants as set forth in TRAVELERS complaint filed in the instant action.

39. BRENT L. BOYD, acting as an officer for RJL, informed and instructed Lawrence McMahon and ALLIANT to procure indemnity agreements for the guaranty of RJL bonds that set forth liability provisions for shareholders, which included himself and the Racette Claimants, limiting the shareholder liability to their particular ownership interest in the indemnitee RJL.

40. ALLIANT owed a duty to the Racette Claimants to procure the 2010 Indemnity Agreement with the proportional liability provision and further owed a duty to honestly communicate during the contract negotiation TRAVELERS response, acceptance, rejections, or other information regarding the liability provisions.

41. Third party defendants breached their fiduciary duty by failing to discuss or inform RJL, Racette Claimants or other shareholders that the proportional liability provisions were not incorporated into the agreements and concealed the fact that the proportional liability term was not acceptable to TRAVELERS during the negotiations of the 2010 Indemnity Agreement. Nor did ALLIANT ensure the inclusion of the proportional liability provision required by RJL, the Racette Claimants and RJL shareholders in the indemnity agreement as requested and instructed by BRENT L. BOYD, as officer of RJL.

42. Third Party defendants failed to act as a reasonable and careful broker would under the same circumstances.

43. As a direct and proximate result of the aforementioned breach of fiduciary duties by Third Party defendants, Racette Claimants have suffered monetary damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Negligent Misrepresentation)

(against Counter-Defendant TRAVELERS)

44. Racette Claimants incorporate by reference Paragraph 1 through 43 above as though fully set forth herein.

45. TRAVELERS negligently misrepresented to RJL shareholders, which includes the Racette Claimants, that it was willing to provide financing to complete construction projects and prevent claims against the bonds.

46. At the time of its investigation TRAVELERS expressed a willingness to provide RJL and its shareholders with additional financing, TRAVELERS knew, or was reckless in not knowing that these representations were false.

47. TRAVELERS made the representations regarding its willingness to provide additional financing to RJL and its shareholders for the purpose of inducing them to rely upon them.

48. RJL shareholders and Racette Claimants acted in justifiable reliance on these representations and suffered actual damages as a result.

49. RJL shareholders and Racette Claimants' reliance on TRAVELERS representations as to its willingness to provide additional financing was a substantial factor in causing Racette Claimants' harm.

50. As a direct and proximate result of TRAVELERS' aforementioned negligent conduct, Racette Claimants have been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

(Negligent Misrepresentation)

(against Third Party Defendant ALLIANT)

51. Racette Claimants incorporate by reference Paragraph 1 through 50 above as though fully set forth herein.

52. Lawrence F. McMahon, as employee and agent for ALLIANT negligently represented to Racette Claimants that TRAVELERS would accept and

enter into an indemnity agreement that would hold them liable for only their proportional ownership interest in RJL.

53. ALLIANT's representation was not true because it failed to procure a 2010 Indemnity Agreement which included a provision to hold Racette Claimants liable for only their proportional ownership interest in RJL.

54. Lawrence F. McMahon and ALLIANT had no reasonable grounds for believing this representation was true when made.

55. Lawrence F. McMahon and ALLIANT intended that Racette Claimants rely on this representation when made.

56. Racette Claimants reasonably and justifiably relied on Lawrence F. McMahon and ALLIANT's representation and suffered actual damages as a result.

57. Racette Claimants reliance on the representations that TRAVELERS agreed to the proportional liability provision and that the 2010 Indemnity Agreement provide for liability only for their proportional ownership interest in RJL was a substantial factor in causing Racette Claimants' harm.

58. As a direct and proximate result of ALLIANT's aforementioned negligent conduct, Racette Claimants have been damaged in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### (Failure to Use Reasonable Care)
### (against BRENT L. BOYD and the BOYD FAMILY TRUST)

59. Racette Claimants incorporate by reference Paragraph 1 through 58 above as though fully set forth herein.

60. BRENT L. BOYD, acting as an officer in the interests of RJL, was and still is business partners with RICHARD RACETTE. BRENT L. BOYD, NANCY K. BOYD and the Racette Claimants own proportional shares of RJL.

61. BRENT L. BOYD, as an officer of RJL, acted on the Racette Claimants

behalf and relayed information to Lawrence F. McMahon and ALLIANT in order to negotiate the 2010 Indemnity Agreement with TRAVELERS.

62. BRENT L. BOYD, acting as an officer in the interests of RJL, failed to act as a reasonably careful business partner would have acted under the same or similar circumstances. BRENT L. BOYD failed to review and ensure that the 2010 Indemnity Agreement provided by TRAVELERS included the proportional liability provisions for shareholders which was in accord with the RJL's resolve and agreement between RJL shareholders and which he specifically requested.

63. Racette Claimants were harmed because the 2010 Indemnity Agreement did not establish a limitation of liability, but instead provided joint and several liability. In essence creating more damages for Racette Claimants up to and including the entire liability of the corporation under RJL's bonds. BRENT L. BOYD's conduct, as officer of RJL, was a substantial factor in causing damages to the Racette Claimants and RJL.

64. As a direct and proximate result of the aforementioned wrongful conduct by BRENT L. BOYD, as officer of RJL, Racette Claimants have suffered monetary damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Contribution)
### (against ALL Cross-Defendants and Third Party Defendant ALLIANT)

65. Cross-Claimants incorporate by reference Paragraph 1 through 64 above as though fully set forth herein.

66. As alleged hereinabove, Racette Claimants allege that all Cross-Defendants and Third Party Defendants are jointly and severally obligated to indemnify TRAVELERS for its alleged losses, liabilities, costs and expenses, including reasonable attorneys' fees, under the terms of the alleged 2010 Indemnity Agreement.

67. BRENT L. BOYD and NANCY K. BOYD created the BOYD FAMILY TRUST to shield their personal property from any liabilities that may arise against them. For all intent and purposes, there is a unity of interest and ownership that the separate personalities of Mr. and Mrs. Boyd and the BOYD FAMILY TRUST no longer exist. If the liability of Mr. Boyd and Mrs. Boyd are treated as theirs alone, inequitable results would follow.

68. If TRAVELERS obtains any right to payment of damages from Racette Claimants by way of judgment or settlement in the instant lawsuit in an amount in excess of Racette Claimants proportionate share of any alleged obligation under the 2010 Indemnity Agreement, then Racette Claimants are entitled to contribution from Cross-Defendants, Third Party Defendants, and each of them, for their share of the obligation.

## **PRAYER FOR RELIEF**

Wherefore, Racette Claimants deny that Counter-Defendants are entitled to any relief, including costs and attorneys' fees, as requested in the Complaint. Racette Claimants respectfully request that the Court enter judgment on the Counter-Complaint/Cross-Complaint/Third Party Complaint in Racette Complainants' favor as follows:

1. For compensatory damages in an amount to be proven at trial;
2. For consequential damages in an amount to be proven at trial;
3. For costs of suit, including reasonable attorneys' fees and other costs incurred in bringing and prosecuting the above-captioned action and defending against the Complaint; and
4. For such other relief as the Court deems just and proper.

ON THE FIRST CAUSE OF ACTION: For damages according to proof at trial.
ON THE SECOND CAUSE OF ACTION: For damages according to proof at trial.

ON THE THIRD CAUSE OF ACTION: For damages according to proof at trial.

ON THE FOURTH CAUSE OF ACTION: For damages according to proof at trial.

ON THE FIFTH CAUSE OF ACTION: For damages according to proof at trial.

ON THE SIXTH CAUSE OF ACTION: For damages according to proof at trial.

## JURY DEMAND

Counter-Complainants hereby demand a jury trial.

DATED: September 12, 2014        WILLIAM J WARD & ASSOCIATES


By: /s/ Sharmila R. Parkman
WILLIAM J WARD, ESQ.
SHARMILA PARKMAN, ESQ.
Attorneys for Defendants
RICHARD RACETTE, and
KATHLEEN SUE RACETTE