UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br>v.<br><br>R.J. LANTHIER COMPANY, INC., a California corporation; BRENT L. BOYD, an individual; NANCY K. BOYD, an individual; RICHARD RACETTE, an individual; KATHLEEN SUE RACETTE, an individual; BOYD FAMILY TRUST; G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; GLENN BECHTHOLD, an individual,<br><br>　　　　Defendants.<br><br>RICHARD RACETTE, an individual, and KATHLEEN SUE RACETTE, an individual,<br><br>　　　　Counter-claimants,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; G.I. BECHTHOLD CORPORATION, a California corporation ; DONNA BECHTHOLD , an individual; GLENN BECHTHOLD, an individual<br><br>　　　　Counter-defendants. | Case No. 13cv2962 JM(WVG)<br><br>ORDER GRANTING THE "BOYDS'" MOTION FOR LEAVE TO AMEND; GRANTING THE "RACETTES'" MOTION FOR LEAVE TO AMEND: and GRANTING THE "BECHTHOLDS'" MOTION FOR LEAVE TO AMEND |

| | |
|---|---|
| 1 | R.J. LANTHIER COMPANY, INC., a California corporation; BOYD |
| 2 | FAMILY TRUST; BRENT L. BOYD, an individual and trustee of the BOYD |
| 3 | FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD |
| 4 | FAMILY TRUST, |
| 5 | Counter-claimants, |
| 6 | v. |
| 7 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, |
| 8 | Counter-defendant. |
| 9 | |
| 10 | R.J. LANTHIER COMPANY, INC., a California corporation; BOYD |
| 11 | FAMILY TRUST; BRENT L. BOYD, an individual and trustee of the BOYD |
| 12 | FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD |
| 13 | FAMILY TRUST, |
| 14 | Cross-claimants, |
| 15 | v. |
| 16 | G.I. BECHTHOLD CORPORATION, a California corporation; DONNA |
| 17 | BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual, |
| 18 | Cross-defendants. |
| 19 | |
| 20 | G.I. BECHTHOLD CORPORATION, a California corporation; DONNA |
| 21 | BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual, |
| 22 | Counter-claimants, |
| 23 | v. |
| 24 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, |
| 25 | Counter-defendant. |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| G.I. BECHTHOLD CORPORATION, a California corporation; DONNA BECHTHOLD, an individual; and GLENN BECHTHOLD, an individual, | ) ) ) ) ) |
| Cross-claimants, | ) ) |
| v. | ) ) |
| R.J. LANTHIER COMPANY, INC., a California corporation; BOYD FAMILY TRUST; BRENT L. BOYD, an individual and trustee of the BOYD FAMILY TRUST; NANCY K. BOYD, an individual and trustee of the BOYD FAMILY TRUST; RICHARD RACETTE, an individual; KATHLEEN SUE RACETTE, an individual; and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) |
| Cross-defendants. | ) ) |

Defendants and third party plaintiffs The Boyd Family Trust, Brent L. Boyd, and Nancy K. Boyd (collectively the "Boyds") move for leave to file a Third Party Complaint. (Ct. Dkt. 54). Defendants, counter-claimants, cross-claimants, and third party plaintiffs Richard Racette and Kathleen Sue Racette (collectively the "Racettes") also move for leave to file an amended counter-claim, cross-claim and third party complaint. (Ct. Dkt. 57). Defendants, counter-claimants, cross-complainants, and cross-defendants G.I. Bechthold Corporation, Donna Bechthold and Glenn Bechthold (collectively the "Bechtholds") also move for leave to file an amended counter-claim, cross-claim, and third party complaint. (Ct. Dkt. 53). Plaintiff Travelers Casualty and Surety Company of America ("Travelers") does not oppose the Boyds' or the Racettes' motions but does oppose the Bechtholds' motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. The court grants the Boyds' and Racettes' motions to amend based upon Travelers' non-opposition to the motions and for the reasons set forth in the court's September 2, 2014 Order Granting in Part and Denying in part Motions to Dismiss and Granting Leave to Amend ("Order"). (Ct. Dkt. 56). For reasons set forth

below, the court grants the Bechtholds' motion for leave to amend. The parties shall file the amended pleadings within 15 days of entry of this order.

## BACKGROUND

**The Complaint**[1]

On December 10, 2013, Travelers commenced this diversity action alleging five claims for relief: (1) Statutory Indemnity, (2) Breach of Contract, (3) Quia Timet, (4) Declaratory Relief; and (5) Specific Performance. On October 3, 2001, Defendants RJL and the Boyds executed an indemnity agreement promising Travelers "to exonerate, indemnify and save [Travelers] harmless from and against every claim, loss, damage, demand" arising from the execution of certain construction bonds issued on behalf of Lanthier as the bond principal (the "RJL Bonds"). (Compl. ¶16). On March 1, 2010, Defendants RJL, the Boyds, and the Racettes executed the General Agreement of Indemnity ("GAI") at issue. Under the GAI, Defendants are obligated to "exonerate, indemnify, and save [Travelers] from and against all Loss." (Compl. ¶17, Exh. B). Also, on or about March 1, 2010, Defendants Bechthold Corporation, Donna Bechthold, and Glenn Bechthold (collectively the "Bechtholds") executed a General Agreement of Indemnity Additional Indemnitor Rider ("GAIR"). The GAIR also provided that the Bechtholds would "exonerate, indemnify, and save [Travelers] from and against all Loss." (Compl. 18, Exh. B). At the heart of Travelers' complaint is the allegation that, following RJL's default on the bonded projects, it paid about $6,751,915.58 on its surety obligations. (Compl. ¶21).

On November 21, 2013, Travelers sent a demand letter to the Defendants seeking $6,751,915.58 to recover Travelers' anticipated losses on the RJL Bonds. Defendants "have failed to comply with Travelers' demands." (Compl. ¶23).

**Racettes' Counter and Cross Claims**

On March 5, 2014, the Racettes filed an answer and counter-claim against Travelers. (Ct. Dkts. 14, 15). The answer generally denies the complaint's allegations. In their counter-claim, the Racettes allege that in early 2013, RJL experienced cash-flow problems

---

[1] The Background section is taken directly from the Order.

and needed additional financing to help the company cover overhead expenses such as payroll. (Counter-claim "CC" ¶16). On January 17, 2013, Richard Racette, a 2% owner of RJL, and Brent Boyd met with Travelers and discussed the possibility of Travelers providing RJL with cash flow assistance. After several conversations with Travelers, the Racettes allege Travelers indicated a willingness to provide financial assistance and required 50% collateral for any loan.[2] (CC ¶22). The parties discussed financial assistance in the range of $750,000 to $1,00,000.

On February 15, 2013, Brent Boyd believed that Travelers was willing to reduce the collateral requirements and provide RJL with overhead assistance. On February 19, 2013, Travelers "informed RJL that it required a minimum of $500,000 collateral to provide overhead assistance on bonded projects only." (CC ¶24). The Racettes allege that "had Travelers been more upfront in its collateral requests, RJL and Counter-Claimants would have been able to refocus its efforts into seeking alternative sources of funding, keep the projects going and the bonding intact." (CC ¶26). Thereafter, Travelers allegedly refused to issue bonds on new projects or to issue bonds on future projects without RJL providing additional capital or a substantial security deposit.

The Racettes allege that "[w]ithout the capability to obtain bonds on future projects, RJL was unable to obtain and complete work" on existing projects, thereby defaulting on existing projects. (CC ¶27). After RJL defaulted on the bonded projects, on November 29, 2013, Travelers demanded payment in the amount of $6,751,915.58. At some unidentified point in time, Travelers cancelled three issued bonds. Id.

Based upon the above generally described conduct, the Racettes allege four counter-claims for (1) breach of the covenant of good faith and fair dealing; (2) breach of contract; (3) negligent misrepresentation; and (4) contribution against all cross-defendants. The court notes that the only cross-defendants identified in the CC are the Bechtholds.

---

[2] Travelers also allegedly performed an analysis of RJL's financial condition and determined that RJL would experience a $1.6 million shortfall.

**RJL and the Boyds' Counter and Cross-Claims**

On March 7, 2014, RJL and the Boyds filed an answer to the complaint, a counter-claim against Travelers, and a cross-claim against the Bechtholds. RJL and the Boyds assert the same counter-claims against Travelers as the Racettes, in addition to a declaratory relief claim based upon the same general allegations as the Racettes. In addition, RJL and the Boyds seek contribution from the Bechthold cross-defendants.

**Bechtholds' Counter and Cross-Claims**

On March 8, 2014, the Bechtholds filed an answer and eight counter-claims and cross-claims for (1) reformation of contract; (2) express indemnity; (3) compel performance of indemnity agreements; (4) quia timet; (5) equitable indemnity; (6) contribution; (7) implied contractual indemnity; and (8) declaratory relief. In broad brush, the Bechtholds allege that Travelers, the Racettes, RJL, and the Boyds "are in some manner legally responsible for the acts and omissions alleged." (CC ¶12). The reformation counter-claim seeks to reform the March 2010, GAIR between Travelers and the Bechtholds to reflect the alleged original intent of the parties that only G. I. Bechthold Corporation would be bound by the GAIR. (CC ¶21). The second cross-claim seeks indemnity from RJL to indemnify the Bechtholds against any and all losses arising from the underlying transactions. The third claim seeks to compel performance of the indemnity agreement against RJL. The fourth claim for quia timet alleges that RJL is wrongfully using funds for purposes other than to hold the Bechtholds harmless from Travelers' claims. The fifth claim seeks indemnity against all cross-defendants, the sixth claim seeks contribution against all cross-defendants, the seventh claim seeks implied contractual indemnity against all cross-defendants, and the eighth claim seeks a declaration that the Bechtholds are not obligated to indemnify Travelers.

**Procedural History**

In the court's September 12, 2014 Order, the court granted Travelers' motion to dismiss the breach of the covenant of good faith and fair dealing counter-claim and the breach of contract counter-claim brought by Counter-claimants RJL, the Boyds, and the

6                                                                                             13cv2962

Racettes. The court also denied Travelers' motion to dismiss the declaratory relief claim and deferred ruling on this claim until the Counter-claimants filed amended counter-claims, if any. The court also granted RJL, the Boyds, and the Racettes 15 days leave to amend from the date of entry of the Order.

## DISCUSSION

**Legal Standards**

Fed.R.Civ.P. 15(a)

Federal Rule of Civil Procedure 15(a), provides that "leave shall be freely granted when justice so desires." Leave to amend should be granted unless the opposing party demonstrates undue prejudice, bad faith, or dilatory motive on part of the moving party. Foman v. Davis, 371 U.S. 178, 182 (1962).

Fed.R.Civ.P. 14

Federal Rule of Civil Procedure 14 provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). "The decision whether to implead a third party defendant is within the sound discretion of the district court." Id. Courts consider the following factors when ruling on a motion for leave to file a third-party complaint: (a) prejudice to the original plaintiff; (b) complication of issues at trial; (c) likelihood of trial delay; and (d) timeliness of the motion to implead. See Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

**The Bechtholds' Motion**

Pursuant to Federal Rules of Civil Procedure 14 and 15(a), the Bechtholds seek leave of court fo file an amended Counter-claim, Cross-claim, and Third-Party Complaint. In the

ordinary course, the court grants the motion for leave to amend absent a showing of prejudice or futility.

While Travelers contends that the amendments are futile, as determined by reference to several documents attached to the complaint, the necessary determinations are more appropriately determined on an evidentiary motion after the parties have had an opportunity to conduct discovery. The court notes that Travelers presents strong arguments in support of its position that the proposed amendments counter representations made by the Bechtholds in the Additional Indemnitor Rider and the subcontracts. However, the ultimate determinations sought by Travelers are better determined on a motion for summary judgment.

In sum, all motions to amend are granted. The Boyds, Racettes, and Bechtholds are instructed to file the amended pleadings within 15 days of entry of this order.

**IT IS SO ORDERED.**

DATED: November 20, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties